UNITED STATES BANKRUPTCY COURT

MIDDLE DISTRICT OF LOUISIANA

IN RE:

| | |
|---|---|
| BRIAN ANDERSON CRISS | CASE NO. 17-11210 |
| DEBTOR | CHAPTER 7 |
| SINARTA CRISS | ADVERSARY NO. 18-01006 |
| PLAINTIFF, | |
| v. | |
| BRIAN ANDERSON CRISS | |
| DEFENDANT | |

### MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

**NOW INTO COURT,** through undersigned counsel, comes Sinarta Criss, who submits this memorandum of law in support of her motion for summary judgment as to debtor's claims that all debts owed to Ms. Criss are dischargeable under his Chapter 7 bankruptcy filing.

### BACKGROUND

On April 12, 2017, Mr. Brian Anderson Criss(debtor) filed for divorce from his wife, Ms. Sinarta Criss. During subsequent family court proceedings all community assets and debts were allocated in accordance with a Stipulated Judgment of Partition of Community Property(Stipulated Judgment) that was signed on September 21, 2017.[1] As part of the Stipulated Judgment, debtor was ordered to assume and be solely responsible for the disaster assistance

---

[1] *See* Stipulated Judgment of Partition of Community Property attached as Exhibit A

loan issued by the United States Small Business Administration (SBA Loan) as his separate debt.[2] The Stipulated Judgment further ordered that the net proceeds from the sale of the former marital home would be equally divided between the parties.[3]

On or about October 24, 2017, debtor and Sinarta Criss sold the marital home for $219,000.00.[4] The payoff of the mortgage loan from PHH Mortgage Company was $170,757.10, leaving $31,028.86 as the net proceeds from the sale after fees and costs.[5] The remainder of the net proceeds were put towards the SBA Loan that had been assigned as the debtor's separate debt.[6] Pursuant to the Stipulated Judgment, the proceeds of the sale of the former marital home were to be "equally divided".[7] Mrs. Criss attempted to contact debtor about making payment to satisfy her share of the proceeds from the sale of the home.

On December 12, 2017, debtor filed for Bankruptcy under Chapter 7 of the United States Bankruptcy Code.[8] In his bankruptcy schedules, debtor listed numerous unsecured creditors. Ms. Sinarta Criss, debtor's ex-wife, was listed as an unsecured creditor that was owed $30,000.00.[9] This amount stemmed from the community property settlement that granted Ms. Criss an equal share in the net proceeds from the sale of the former marital home and any possible attorney's fees that debtor may ordered to pay from contempt of court proceedings.[10]

---

[2] *Id.*
[3] *Id.*
[4] *See* Closing Disclosure attached as Exhibit B.
[5] *Id.*
[6] *Id.*
[7] *See* Stipulated Judgment of Partition of Community Property attached as Exhibit A
[8] *See* Bankruptcy Schedules and Statements attached as Exhibit C.
[9] *Id.*
[10] *See* Debtors Answer to Complaint attached as Exhibit D.

On March 16, 2018, Ms. Criss, through counsel, filed a Complaint to Determine Dischargeability of Debt.[11] That complaint was subsequently answered by debtor on April 4, 2018.[12]

## LAW AND ARGUMENT

I.    **Standards for Summary Judgment**

Fed. R. Civ. P. 56(c) provides for summary judgment on a claim when "the pleadings, discovery, and disclosure materials on file, and any affidavits show that there is no genuine issue to any material fact and the moving party is entitled to judgment as a matter of law. Fed, R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc, 477 U.S. 242,247 (1986). The substantive law determines which facts are material for purposes of summary judgment, and disputes over facts that are irrelevant or unnecessary will not be counted. Anderson v. Liberty Lobby, Inc., 477 U.S. at 248/ The non-moving party may not rest on "the mere allegations or denials of his pleading, but. . .must set forth specific facts showing that there is a genuine issue for trial," i.e., that the evidence is such that a rational trier of fact could return a verdict for the non-moving party. Id. at 248, 251-52.

"There is no genuine issue of material fact if the party opposing the motion 'fails to make and adequate showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Taylor, 880 F.2d at 1045, quoting Celotex Corp v. Caltrett, 477 U.S. 317, 322 (1986; see also Ray, 920 F. Supp at 1097. Issues of material fact must be supported by evidence, and conclusory allegations that are

---

[11] *See* Plaintiff's Complaint to Determine Dischargeability of Debt attached as Exhibit E.
[12] *See* Defendant's Answer to Complaint to Discharge Debt attached as Exhibit F.

unsupported cannot defeat a motion for summary judgment Taylor, at 880 F.2d at 1045; Ray, 920 F. Supp. At 1097.

A party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. Celetox Corp. v. Catrett, 477 U.S. 317 (1986).

In this matter, there are no genuine issues of material fact with respect to all claims set forth in the Complaint. Importantly, as set forth herein, the exhibits attached hereto and the accompanying Statement of Undisputed Facts demonstrate that Ms. Criss (Creditor) is entitled to summary judgment on the claim set forth in the Complaint.

## II.   Non-Dischargeable under Section 523(a)(15)

Exceptions to discharge under § 523(a) must be strictly construed in favor of the debtor in order to comply with the "fresh start" policy underlying the Bankruptcy Code. *Grogan v. Garner,* 498 U.S. 279, 286 (1991); *In re Duncan,* 331 B.R. 70, 76 (Bankr. E.D.N.Y. 2005), As the Supreme Court has stated, "exceptions to discharge should be confined to those plainly expressed." *Bullock v. BankChampaign, N.A.,* 133 S. Ct. 1754, 1760 (2013). The creditor bears the burden of proving each element of its cause of action by a preponderance of the evidence. *Grogan,* 498 U.S. at 287; *Duncan,* 331 B.R. at 76-77; *In re Watterson,* 524 B.R. 445 (Bankr E.D.N.Y. 2015).

Section 523 of the Bankruptcy Code identifies specific debts that cannot be discharged upon the completion of a successful bankruptcy case. Section 523(a)(15) does not allow discharge of certain debts owed to an ex-spouse:

> A discharge under section 727, 1141. 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree, or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit[.]

11 U.S.C. § 523(a)(15).

Section 523(a)(15) governs the dischargeability of property settlement debts. This exception was intended to negate the distinction between support and property division (except in Chapter 13 cases) by making both support and nonsupport debts nondischargeable. *In re Georgi,* 459 B.R. 720 (Bankr. E.D. Wis. 2001). All debts owed to a spouse, former spouse, or child of a debtor are nondischargeable if incurred in the course of a marital dissolution proceeding. *In re Hying.* 477 B.R. 731, 735 (Bankr. E.D. Wis. 2012).

### III.    Arising Out of a Divorce or Separation

Under Section 523(a)(15) the debt must be incurred during the course of a divorce or separation in order for it to be exempted from discharge. The court in *Gowins v. Gowins* has addressed if community property settlements are incidental to the divorce proceedings. In *Gowins,* the Louisiana Supreme Court found that "a proceeding to partition community property arises out of and is an essential concomitant of the original proceeding." *Gowins v. Gowins,* So.2d 32 (La. 1985).

**IV.     Analysis**

The debt owed to Ms. Criss arises from a community property settlement that awarded debtor and Ms. Criss equal shares of the net proceeds from the sale of the house. Following the holding by the Louisiana Supreme Court in *Gowins*, the community property settlement arose out of the divorce proceeding. As such, this debt fits squarely in the statute as a debt that was incurred during the course of a divorce or separation.

Debtor contends that there were no net proceeds because there was an SBA Loan that was secured by a second mortgage on the house. Debtor also insists that the SBA Loan was paid with all remaining equity after the sale of the house.

Debtor was aware of all obligations in the community property settlement and signed the agreement to acknowledge that he read and accepted the terms of the agreement. The community property settlement allocated the SBA Loan to debtor as part of the agreement. This allocation made the SBA Loan the separate obligation of the debtor. The other part of this agreement gave Ms. Criss one half (1/2) of the net proceeds from the sale of the house. At the time of the sale, the house had approximately $30,000.00 of equity above the payoff of the first mortgage. Ms. Criss was entitled to half of that from the sale.

All the proceeds from the sale of the house went towards paying off the first mortgage and the SBA Loan, effectively using Ms. Criss's portion of the equity in the home to satisfy he debtor's separate debt. The money from the sale of the house is the debt that Debtor is trying to discharge. Because the community property settlement gave rise to this debt, it is a debt that should not be dischargeable under 11 U.S.C. § 523(a)(15).

## **Conclusion**

For the reasons state herein, mover is entitled to Summary Judgment for the relief requested in the Complaint.

RESPECTFULLY SUBMITTED:

_____
Robert W. Hoke (35825)
Grand Law Firm
10537 Kentshire Court, Suite A
Baton Rouge, Louisiana  70810
Telephone: (225) 769-1414
Facsimile: (225) 769-2300
robert@grandlawfirm.com
Attorney for Plaintiff